UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Dr. Hector Senu-oke,**

    **Plaintiff,**

-v-                                              **Case No. C-2-02-00251**
                                                    **JUDGE SMITH**
                                                    **Magistrate Judge King**

**Earl Van Pemberton,** *et al.***,**

    **Defendants.**


**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Re-Open this case (Doc. 41) filed January 23, 2008. The Plaintiff has also filed a subsequent Motion to Re-Open this case (Doc. 42) on February 25, 2008. The Defendants have filed a response (Doc. 43) and have also filed a Motion for Sanctions against Plaintiff (Doc. 44). Plaintiff has not filed a response to Defendants' Motion for Sanctions. This matter is now ripe for review. For the reasons that follow, the Court denies Plaintiff's Motions to Re-Open this case and grants Defendants' Motion for Sanctions.

**I.**    **Plaintiff's Motion to Re-Open this Case**

On March 15, 2002, Plaintiff initiated this case against Defendants Earl and Betty Van Pemberton. On March 25, 2002, Defendants filed an action against Plaintiff in the Boyle County, Kentucky Circuit Court. Both cases arose out of the same transactions and occurrences and involved the same causes of action. The Defendants perfected service upon Plaintiff and all parties appeared in the Kentucky Circuit Court. In February 2003, the parties settled all claims and the Kentucky

case was dismissed. However, Plaintiff, in this case, did not perfect service on the Pembertons, nor did he alert them of this action during the proceedings in the Kentucky Court. Instead, Plaintiff obtained a default judgment against Defendants in the Court (Doc. 17), which was ultimately set aside (Doc. 32).

Plaintiff is now requesting the Court re-open this case asserting that the Kentucky judge made the Defendants aware that a case was pending in the Southern District of Ohio. Plaintiff has submitted an uncertified copy of his Federal Complaint that allegedly bares a clerk stamp from the Boyle Circuit Court in Kentucky. Defendants argue in response that Plaintiff did not assert any such argument in his objections to Defendants' Motion for Relief from Default Judgment. Nor has Plaintiff filed an appeal of the final judgment entered in this case on January 19, 2007. Plaintiff requests the Court consider this complaint as evidence that service was perfected upon Defendants. The Court, however, does not find this as proper service on Defendants.

Even if this Court were to find this evidence sufficient to re-open the case, the result would be the same. The parties settled the Kentucky litigation on February 25, 2003. The final order dismissing the Kentucky state court case was filed on September 8, 2003, well before default judgment was awarded in the case at bar. Even with the evidence submitted by Plaintiff, the settlement and final disposition of the Kentucky case occurred well before service could be deemed perfected in this case. Therefore, this case is barred by the doctrine of *res judicata*.

Further, the agreement between the parties specifically stated that "all claims between the parties...which arose or occurred on or before the date of settlement, specifically February 25, 2003, have been settled and, therefore, said claims be, and hereby are, released, satisfied and waived by this settlement and dismissal." Therefore, based on the terms of the final order of settlement, any

claims arising between the parties before February 25, 2003 are barred. The claims Plaintiff has asserted in the case at bar arose before February 25, 2003, and in fact are the exact same claims that were at issue in the Kentucky state court litigation which have been resolved. All of Plaintiff's claims against Defendants are therefore barred by *res judicata*. Plaintiff has not provided any substantial basis to re-open this case.

## II.     Defendants' Motion for Sanction

Defendants move the Court for sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendants assert and the Court agrees that even though Plaintiff is not represented by legal counsel, he still has a duty to uphold the integrity of the Court and to follow the prescribed rules.

The test for imposition of Rule 11 sanctions as set forth by the Sixth Circuit is "whether the individual's conduct was reasonable under the circumstances." *Pittman v. Mich. Corr. Org., SEIU, Local 526*, 123 Fed. Appx. 637, 641 (6th Cir. 2005). Plaintiff has received copies of all the pleadings and orders of this Court, including the Order that all his claims are barred by the doctrine of res judicata because all his claims have been adjudicated in the Kentucky litigation.

Defendants argue that Plaintiff's latest motions to re-open this case are only meant to harass Defendants and delay their recovery of attorneys' fees that were previously ordered by this Court. The Court agrees. Defendants have been forced to respond to Plaintiff's frivolous motions which do not even contain the potential for a meritorious claim. The Court has previously imposed sanctions against Plaintiff in the amount of $4,383.95. The Court now imposes additional sanctions against Plaintiff for Defendants attorneys' fees incurred in responding to Plaintiff's frivolous motion

to re-open the case and including the motion for sanctions. Defendants shall invoice those fees and submit them to Plaintiff and this Court by April 4, 2008. Plaintiff shall then file any response regarding the sanctions no later than April 15, 2008. If no motion challenging the reasonableness of the attorneys' fees is filed, then that amount, as well as the previous award of sanctions for $4,383.95, shall be paid in full to Defendants by May 15, 2008.

**III. Conclusion**

Based on the aforementioned, the Court **DENIES** Plaintiff's Motion to Re-Open this Case and **GRANTS** Defendants' Motion for Sanctions.

The Clerk shall remove Documents 41, 42 and 44 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**